UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEWAYNE SHELTON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-500 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

On November 4, 2009, this Court denied petitioner Dewayne Shelton's petition for a writ of habeas corpus. Shelton filed a notice of appeal, but his appeal was eventually dismissed for failure to prosecute. *See Shelton v. Thaler*, No. 09-20802 (5th Cir. Mar. 12, 2010).

On November 4, 2016, Shelton filed a motion for relief from the judgment of this Court under Rule 60(b) of the Federal Rules of Civil Procedure. He amended that motion on March 17, 2017. For the following reasons, Shelton's motion is denied.

Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Shelton's motion appears to contend that the respondent misrepresented the state habeas court's disposition of Shelton's state habeas corpus application. He contends that this constituted a fraud on this Court.

In denying Shelton's petition, this Court addressed the merits of Shelton's claims for relief. *See* Docket Entry No. 39. Therefore, the precise procedural aspects of the state habeas court's dismissal had no bearing on this Court's adjudication of Shelton's claims.

Shelton now also appears to argue that he did not exhaust his state court remedies. This provides no basis for relief because any attempt to exhaust his state court remedies at this late

date would be futile because Shelton's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4(a). If Shelton's assertion that he did not exhaust his remedies is correct, then his claims would be procedurally defaulted, and this Court would be unable to grant relief. 28 U.S.C. § 2254(b)(1).

Shelton also contends that the State of Texas committed fraud on the Texas state habeas court with regard to subsequent petitions filed by Shelton challenging his conviction. To the extent that Shelton wishes to attack the same conviction or sentence challenged in his original federal petition, this claim constitutes a successive petition. A Rule 60(b) motion is a habeas claim when it presents a new claim for relief. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Because this motion raises a new claim for relief, it constitutes a successive petition.

The federal habeas corpus statute requires this Court to dismiss any successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Therefore, this claim must be dismissed as a successive petition.

Finally, Shelton argues that the state habeas court lacked jurisdiction to adjudicate his state habeas application. This provides no grounds for federal habeas corpus relief. "An attack

on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (internal quotation marks and citation omitted).

For the foregoing reasons, Shelton's motion for relief from the judgment (Doc. # 57) is DENIED. No certificate of appealability shall issue.

SIGNED on this 13th day of September, 2017.

_____
Kenneth M. Hoyt
United States District Judge